PARKER DOUGLAS (8924)
Utah Federal Solicitor
DAVID N. WOLF (6688)
Assistant Utah Attorney General
OFFICE OF THE UTAH ATTORNEY GENERAL
350 North State Street, Ste. 230
Salt Lake City, Utah 84114-2320
Telephone: (801) 538-1191
Telecopier: (801) 538-1121
E-mail: pdouglas@utah.gov
E-mail: dnwolf@utah.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH TAXPAYERS ASSOCIATION, a Utah nonprofit corporation, <br><br> UTAH TAXPAYERS LEGAL FOUNDATION, a Utah nonprofit corporation, <br><br> LIBERTAS INSTITUTE, a Utah nonprofit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> SPENCER COX, in his Official Capacity as Utah Lieutenant Governor, <br><br> SEAN D. REYES, in his Official Capacity as Attorney General of the State of Utah, <br><br> Defendants. | **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** <br><br><br> Case No. 2:15-cv-00805-DBP <br><br> Magistrate Judge Dustin Pead |

Utah Lieutenant Governor Spencer Cox and Utah Attorney General Sean D. Reyes ("Defendants") answer the Plaintiffs' Complaint and assert their defenses as follows.

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendants respond to the numbered paragraphs of Plaintiffs' Complaint as follows:

1. Defendants admit that Plaintiffs' Complaint purports to challenge the statutory provisions noted in paragraph 1 of Plaintiffs' Complaint. To the extent a response is deemed necessary, Defendants state that the statutory provisions speak for themselves and deny any remaining allegations.

2. The allegations contained in paragraph 2 through 9 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. Defendants also lack sufficient knowledge and information to either admit or deny the allegations of paragraphs 2 through 9 and, therefore, deny the same.

3. The allegations contained in paragraph 10-11 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants do not dispute that the Court has jurisdiction over this matter. Defendants admit that this court has federal question jurisdiction, as well as power to issue declaratory judgments and award other relief pursuant to 42 U.S.C § 1983 but deny that Plaintiffs are entitled to any relief.

4. The allegations contained in paragraph 12 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants do not dispute that venue has been properly lain.

5. The allegations contained in paragraph 13 through 15 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. Defendants also lack sufficient knowledge and information to either admit or deny the allegations of paragraphs 13 through 15 and, therefore, deny the same.

6. In response to the allegations contained in paragraph 16 of Plaintiffs' Complaint, Defendants admit that Spencer Cox is the Lieutenant Governor of the State of Utah and is being sued in his official capacity. The remaining allegations contained in paragraph 16 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny any remaining allegations.

7. In response to the allegations contained in paragraph 17 of Plaintiffs' Complaint, Defendants admit that Sean D. Reyes is the Attorney General of the State of Utah and is being sued in his official capacity. The remaining allegations contained in paragraph 17 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny any remaining allegations.

8. In response to the allegations contained in paragraph 18 of Plaintiffs' Complaint, Defendants admit that Mr. Jeffrey Buhman is the County Attorney of Utah County and is being sued in his official capacity. The remaining allegations

contained in paragraph 18 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny any remaining allegations.

9. In response to the allegations contained in paragraph 19 of Plaintiffs' Complaint, Defendants admit that Mr. Sim Gill is the County Attorney of Salt Lake County and is being sued in his official capacity. The remaining allegations contained in paragraph 19 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny any remaining allegations.

10. In response to the allegations in paragraphs 20, Defendants state that H.B. 43 and its legislative history speak for themselves. To the extent that additional response is necessary Defendants deny any remaining allegations in paragraph 20.

11. The allegations contained in paragraph 21through 26 of Plaintiffs' Complaint contain several legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants also lack sufficient knowledge and information to either admit or deny the allegations of paragraphs 21 through 26 and, therefore, deny the same.

12. In response to the allegations contained in paragraph 27 through 35 of Plaintiffs' Complaint, Defendants lack sufficient knowledge and information to either admit or deny the allegations of paragraphs 27 through 35, and therefore deny the same.

13. The allegations contained in paragraph 36 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed

necessary, Defendants deny the allegations contained in paragraph 36 of Plaintiffs' Complaint, and specifically deny Plaintiffs are entitled to injunctive or any other relief.

14. The allegations contained in paragraph 37 through 40 of Plaintiffs' Complaint contain several legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants also lack sufficient knowledge and information to either admit or deny the allegations of paragraphs 37 through 40 and, therefore, deny the same.

15. The allegations contained in paragraph 41 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint, and specifically deny Plaintiffs are entitled to injunctive or any other relief.

16. The allegations contained in paragraph 42 through 50 of Plaintiffs' Complaint contain several legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants also lack sufficient knowledge and information to either admit or deny the allegations of paragraphs 42 through 50 and, therefore, deny the same.

17. The allegations contained in paragraph 51 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 51 of

Plaintiffs' Complaint, and specifically deny Plaintiffs are entitled to injunctive or any other relief.

18. The allegations contained in paragraph 52 through 54 of Plaintiffs' Complaint contain several legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants also lack sufficient knowledge and information to either admit or deny the allegations of paragraphs 52 through 54 and, therefore, deny the same.

19. The allegations contained in paragraph 55 through 84 of Plaintiffs' Complaint contain several legal conclusions to which no response is necessary. The allegations in the same paragraphs also cite statutory provisions and legislative history which speaks for itself. To the extent a response is deemed necessary, Defendants also lack sufficient knowledge and information to either admit or deny the allegations of paragraphs 55 through 84, and therefore deny the same.

20. Defendants lack sufficient knowledge and information to either admit or deny the allegations of paragraph 85, and therefore deny the same.

21. The allegations contained in paragraph 86 through 111 of Plaintiff's Complaint contain several legal conclusions to which no response is necessary. The allegations in the same paragraphs also cite statutory provisions and legislative history which speaks for itself. To the extent a response is deemed necessary, Defendants also lack sufficient knowledge and information to either admit or deny the allegations of paragraphs 86 through 111, and therefore deny the same.

22. The allegations contained in paragraphs 112 through 134 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraphs 112 through 134 of Plaintiffs' Complaint.

23. In response to paragraph 135, Defendants incorporate their responses to paragraphs 1 through 134 above.

24. The allegations contained in paragraphs 136 through 141 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraphs 136 through 141 of Plaintiffs' Complaint.

25. Defendants deny the allegations of paragraph 142 of Plaintiffs' Complaint.

26. In response to paragraph 143, Defendants incorporate their responses to paragraphs 1 through 142 above.

27. The allegations contained in paragraphs 144 through 145 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraphs 144 through 145 of Plaintiffs' Complaint.

28. Defendants deny the allegations of paragraph 146 of Plaintiffs' Complaint.

29. In response to paragraph 147, Defendants incorporate their responses to paragraphs 1 through 146 above.

30. The allegations contained in paragraphs 148 through 151 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a

response is deemed necessary, Defendants deny the allegations contained in paragraphs 148 through 151 of Plaintiffs' Complaint.

31. Defendants deny the allegations of paragraph 152 of Plaintiffs' Complaint.

32. In response to paragraph 153, Defendants incorporate their responses to paragraphs 1 through 152 above.

33. The allegations contained in paragraphs 154 through 158 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraphs 154 through 158 of Plaintiffs' Complaint.

34. Defendants deny the allegations of paragraph 159 of Plaintiffs' Complaint.

35. In response to paragraph 160, Defendants incorporate their responses to paragraphs 1 through 159 above.

36. The allegations contained in paragraphs 161 through 164 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraphs 161 through 164 of Plaintiffs' Complaint.

37. Defendants deny the allegations of paragraph 165 of Plaintiffs' Complaint.

38. The allegations contained in paragraphs 166 through 170 of Plaintiffs' Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraphs 166 through 170 of Plaintiffs' Complaint.

39. Defendants deny the allegations of paragraph 171 of Plaintiffs' Complaint.

40. Defendants deny that Plaintiffs are entitled to any relief, including the relief specified in the Complaint's Prayer for relief.

41. Defendants deny each and every allegation of Plaintiffs' Complaint, which is not specifically admitted or otherwise pleaded to herein.

### THIRD DEFENSE

Eleventh Amendment sovereign immunity bars any official capacity claims for money damages.

### FOURTH DEFENSE

Official immunity from this lawsuit bars any claims for money damages.

### FIFTH DEFENSE

The doctrine of qualified immunity bars any claims for money damages.

### SIXTH DEFENSE

Any and all injuries and damages alleged by Plaintiff in the Complaint resulted from Plaintiffs' own actions or omissions, or from the acts or omissions of third parties over whom Defendants had no authority or control.

### SEVENTH DEFENSE

Plaintiffs' claims for injunctive relief may be barred be the doctrines of res judicata, waiver or estoppel.

### EIGHTH DEFENSE

Plaintiffs' claims for injunctive relief may be barred by the doctrine of mootness.

## NINTH DEFENSE

To the extent Plaintiffs subsequently assert any claims based on state law, such state law claims are limited and barred by the Utah Governmental Immunity Act, which includes but is not limited to, timely failure to file a notice of claim and bring the action within the statutory period and file a bond prior to commencement of the action, all of which deprives the court of subject matter jurisdiction.

## TENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## ELEVENTH DEFENSE

Plaintiffs assumed the risk of their action and thereby deprived themselves of the right to the relief sought.

## TWELFTH DEFENSE

Plaintiffs' claims for relief are barred as they may be based on illegal conduct.

## THIRTEENTH DEFENSE

Plaintiffs' relief sought barred as they may have an adequate remedy at law.

## FOURTEENTH DEFENSE

Plaintiffs' relief sought is barred as Plaintiff's have failed to mitigate their alleged harm.

## FIFTEENTH DEFENSE

Plaintiffs' assumed the risk of their actions and their actions bar the relief they seek.

## SIXTEENTH DEFENSE

Defendants preserve and do not waive any of the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure, as discovery may reveal to be applicable, or any

other matter constituting an avoidance or affirmative defense as may become known in the future.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's' Complaint, Defendants pray that the Complaint be dismissed, with prejudice, that Plaintiffs stake nothing thereby, and that Defendants be awarded costs and fees reasonably incurred in defending this action and such other relief as the Court deems just.

Respectfully submitted this 13th of January 2016.

OFFICE OF THE UTAH ATTORNEY GENERAL


/s/Parker Douglas
PARKER DOUGLAS
Utah Federal Solicitor
*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Utah by using the CM/ECF system on January 13, 2016.

All participants in the case are represented by counsel of record who are registered CM/ECF users and will be served by the CM/ECF system.

   /s/ Parker Douglas