**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH - CENTRAL DIVISION**

| | |
|---|---|
| UTAH TAXPAYERS ASSOCIATION, a Utah nonprofit corporation, <br><br> UTAH TAXPAYERS LEGAL FOUNDATION, a Utah nonprofit corporation, and <br><br> LIBERTAS INSTITUTE, a Utah nonprofit corporation, <br><br> *Plaintiffs*, <br><br> v. <br><br> SPENCER COX, in his official capacity as Utah Lieutenant Governor, <br><br> SEAN REYES, in his official capacity as Utah Attorney General, <br><br> JEFF BUHMAN, in his official capacity as Utah County Attorney, and <br><br> SIM GILL, in his official capacity as Salt Lake County District Attorney, <br><br> *Defendants*. | Case No. 2:15-cv-0805-DAK <br><br><br> **CONSENT DECREE** <br><br><br> District Judge Dale A. Kimball |

**CONSENT DECREE**

This matter is before the Court for entry of judgment by consent of Plaintiffs Utah Taxpayers Association, Utah Taxpayers Legal Foundation, and Libertas Institute ("Plaintiffs") and Defendants Spencer Cox and Sean Reyes ("State Defendants") to resolve the above-captioned matter. On November 17, 2015, Plaintiffs filed a complaint arguing that the definition

1

of "political purposes" at § 20A-11-101(40) is vague and therefore unenforceable; that the definition of "political issues expenditures" at § 20A-11-101(39) is unenforceable because it is vague; that the donor disclosure regime at §§ 20A-11-701 and -702 fails to comply with the standard of the major purpose test set forth in *Buckley v. Valeo*, 424 U.S. 1, 70 (1976), and with exacting scrutiny's tailoring requirements; that the system of prorated disclosure reporting at §§ 20A-11-701(3) and -702(3) fails to meet *Buckley*'s exacting scrutiny test; that the compelled warnings to potential donors at §§ 20A-11-701(4) and -702(4) violate the First Amendment protection against compelled speech; and that §§ 20A-11-701 and -702 discriminate against corporations, including nonprofit corporations, in violation of equal protection guarantees.

On April 19, 2016, the parties agreed to a statement of Stipulated Undisputed Facts. On May 31, 2016, Plaintiffs filed a motion for summary judgment, requesting that the Court declare Utah Code Ann. §§ 20A-11-101(39); 20A-11-101(40); 20A-11-701; and 20A-11-702 unconstitutional and that it enjoin enforcement of those provisions.

State Defendants also filed for summary judgment, arguing that the matter is not justiciable because neither the Office of the Utah Lieutenant Governor nor the Office of the Utah Attorney General has ever conducted an investigation or enforcement action pursuant to Utah Code Ann. §§ 20A-11-701 and -702, such that there is not a credible threat of prosecution. State Defendants further argued that, even if the matter were justiciable, they are entitled to summary judgment as to § 20A-11-101(39) and (40) because the provisions Plaintiffs identified there are not unconstitutionally vague. State Defendants conceded, however, that Utah Code Ann. §§ 20A-11-701 and -702 fail the major purpose test under *Buckley*, and that organizations not meeting that test may only be subjected to event-related disclosure regimes whose requirements are "less

restrictive than imposing the full panoply of [status-related] regulations." *FEC v. Mass. Citizens for Life, Inc.*, 479 U.S. 238, 262 (1986). They also conceded that as-applied to Plaintiffs the prorating system at Utah Code Ann. §§ 20A-11-701(3) and -702(3) fails to meet exacting scrutiny's substantial relation test; that the disclosure requirement at Utah Code Ann. §§ 20A-11-701(4) and -702(4) is not narrowly tailored to serve a compelling interest; and that the distinction between corporations and unions created by Utah Code Ann. §§ 20A-11-701 and -702 was foreclosed by the Supreme Court in *Citizens United v. FEC*, 558 U.S. 310 (2010).

Plaintiffs and State Defendants agree that it is in the Parties' best interests, and the State Defendants believe it is in the public interest, to resolve this matter on mutually agreeable terms without resort to protracted litigation. The Parties therefore agree and stipulate to the Court's entry of this Consent Decree resolving Plaintiffs' Verified Complaint against State Defendants.

**PARTIES**

Plaintiffs are Utah Taxpayers Association, a nonprofit corporation organized under the Internal Revenue Code ("IRC") 26 U.S.C. § 501(c)(4) and Utah Code Ann. § 16-6a-102(34) and headquartered in Draper, Utah; Utah Taxpayers Legal Foundation, a nonprofit corporation organized under IRC § 501(c)(3) and Utah Code Ann. § 16-6a-102(34) and headquartered in Draper, Utah; and Libertas Institute, a nonprofit corporation organized under IRC § 501(c)(3) and Utah Code Ann. § 16-6a-102(34) and headquartered in Lehi, Utah.

Defendants are Spencer Cox, sued in his official capacity as the current Lieutenant Governor of Utah; and Sean Reyes, sued in his official capacity as the current Attorney General of Utah.[1]

---

[1] Defendants Jeff Buhman, sued in his official capacity as County Attorney of Utah County, and

## TERMS OF AGREEMENT

1.      After a full and fair opportunity to litigate their claims, including the filing of motions for summary judgment, Plaintiffs and State Defendants in the above-captioned matter have come to an agreement settling all claims before a Court with the authority to adjudicate the claims on their merits.

2.      Settlement and entry of this Consent Decree is made in good faith to avoid expensive and protracted litigation and to finally settle and resolve all claims between the parties that have been raised by the Plaintiffs' Verified Complaint (ECF No. 2).

3.      The State Defendants and their agents, officers, and employees agree not to enforce the law currently codified at Utah Code Ann. §§ 20A-11-701 to -702, as modified to create a donor reporting regime by H.B. 43, because imposing such requirements on Plaintiffs for engaging in constitutionally protected political advocacy and political issues advocacy is unconstitutional unless those organizations are political action committees or political issues committees for which such advocacy is their major purpose. In particular, the State Defendants will not impose fines against corporations for failing to comply with the donor reporting regime unless those organizations are political action committees or political issues committees for which such advocacy is their major purpose; file or refer criminal charges against such corporations; or otherwise enforce the donor reporting regime unless those organizations are political action committees or political issues committees for which such advocacy is their major purpose. Furthermore, the State Defendants will by December 31, 2016 ensure that its public guidance—including all types of publication, notice, or guidance, including webpages like

---

Sim Gill, sued in his official capacity as District Attorney of Salt Lake County, were earlier dismissed from the case.

disclosures.utah.gov, which explain how to comply with Utah's campaign finance reporting requirements—does not indicate that corporations need to comply with the donor reporting regime unless those organizations are political action committees or political issues committees for which such advocacy is their major purpose.

4. The State Defendants will not prosecute or fine Plaintiffs under Utah Code Ann. § 20A-11-703 or any other provision, for violations of Utah Code Ann. §§ 20A-11-701 to -702 that occurred before, on, or after the date of the Consent Decree.

5. The terms of the Consent Decree shall constitute a contract that may be enforced by the United States District Court for the District of Utah, and this Court shall retain jurisdiction for such purpose. *See Floyd v. Ortiz*, 300 F.3d 1223, 1226, 1226 n.3 (10th Cir. 2002).

6. The Consent Decree benefits, and will be enforceable by, any corporation for which political advocacy or political issues advocacy is not its major purpose, not just the named Plaintiffs.

7. The only issue that remains to be resolved with respect to the State Defendants is Plaintiffs' claim for costs and/or attorney's fees under 42 U.S.C. § 1988. The parties stipulate that Plaintiffs are prevailing parties and are entitled to an award of attorney's fees under 42 U.S.C. § 1988 as against State Defendants. The issue of the amount of attorney's fees and costs shall be determined by the Court by motion in this action, subsequent to the entry of the Consent Decree.

8. Upon entry of the Consent Decree, all substantive issues against the State Defendants will be resolved, and the only issue left to be resolved will be an appropriate award of attorney's fees and costs, if any, as determined by the Court. Plaintiffs do not waive future

rights of action in the event State Defendants substantially breach the terms of the Consent Decree. If such an enforcement action is commenced, the prevailing party shall be awarded all necessary and reasonable attorney's fees and court costs incurred in the litigation of that enforcement action.

9. Upon determination of the request for the award of attorney's fees and/or costs, and the payment thereof (if so ordered), the remaining claims herein as against the State Defendants shall be dismissed with prejudice.

10. Except as set forth above, Plaintiffs will make no further claim against State Defendants for damages, relief, costs, or attorney's fees in this matter.

Dated: this 14th day of July, 2016.

_____
Honorable Dale A. Kimball
United States District Judge, District of Utah